## KNOWLEDGE OF A CORPORATION THE COMPOSITE KNOWLEDGE OF ITS SERVANTS.

[Circuit Court of Hamilton County.]

NEAL v. CINCINNATI UNION STOCK YARDS COMPANY.

*Physical Facts and Resultant Injury—Burden of Proof—Knowledge of Servants as to Separate but Dependent Facts.*

1. The burden is upon a defendant corporation of showing itself without fault, where the physical facts of the violation of a statutory provision and resultant injury are shown.
2. A corporation is chargeable with the composite knowledge which comes to it through the channels of its several servants.

The Facts Stated.

The plaintiff sued for $23,500 damages alleged to have been sustained by reason of the infecting of a herd of four hundred cattle, located on lands in Lawrence county, with Texas fever, by the introduction among them of cattle purchased by the plaintiff from the defendant, the Cincinnati Union Stock Yards Company. The cattle so purchased were shipped to Cincinnati from Grenada, Miss., which was within the "infected" or "scheduled" district, as to which federal regulations and provisions of Sections 4211-19 *et seq.,* Ohio Statutes' applied. One Edmunds, a clerk in the employ of the Stock Yards Company, in its main office, knew or should have known from the way bill which he received from the railroad company, that the cattle came from Grenada, but he did not know that the car in which they arrived was not placarded, as

it should have been, with *indicia* that the cattle came from the "scheduled district," and he was also ignorant of their having been placed in "native" pens. The defendant company's foreman of the unloading crew did know that the cattle had been placed in "native" pens, but he did not know that they came from the infected district. The plaintiff found the cattle in the native pens, and purchased them for native cattle. His suit for damages was based upon the statutory provisions above referred to. The case was submitted to the judge of the court below, without the intervention of a jury, and resulted in a judgment for the defendant company, on the ground that it was without sufficient knowledge as to the character of the cattle to render it liable.

W. D. James cited for the plaintiff in error on question of liability: Cooley on Torts, 780 and 790; Conrad v. Crowdson, 75 Ill. App., 614; Rose v. King, 49 O. S., 224; Wharton on Negligence, Sec. 443; Couch v. Steele, 3 E. & B. Rep., 414; Hayes v. Railway Co., 111 U. S., 228; Taylor v. L. S. & M. S. Railway, 45 Mich., 74; Chamberlaine v. Chester Railway Co., 1st Exch., p.—; Ballance v. Falle, 13 Q. B. D., 109; Britton v. Great Western Cotton Co., L. R., 7th Exch., 130; Holmes v. Clark, 6 H. & N., 348; Fawcett v. York & North Midland R. R. Co., 16 Q. B., 610; Sec. 4212 R. S. Ohio; Preston v. Compton, 30 O. S., 304; Knapp v. Bailey, 79 Me., 195; 16 Am. & Eng. Ency., 790.

On the question of implied notice: 16 Am. & Eng. Ency. of Law, 195, 795, and 419 and cases there cited.

That the plaintiff was not guilty of contributory negligence: Shearman & Redfield on Negligence, Sec. 3044; Beach on Con. Neg., 39 and Secs. 22, 36, 38 and 67; Deering on Neg., Sec. 16; Wharton on Neg., Sec. 423; Railroad v. Crawford, 24 O. S., 640.

John W. Warrington cited for the defendant, as to alleged negligence on the company's part: Railroad v. Husen, 95 U. S., 465; Phila. Southern St. Ship Co. v. Penn., 122 U. S., 326; Salzenstein v. Mavis, 91 Ill., 390; C. & A. R. R. v. Erickson, 91 Ill., 613; State v. Duckworth, 51 Pac., 456.

The state had no right to impose regulations upon carriers more drastic than the federal requirement: Bowman v. C. & N. W. Ry., 125 U. S., 465; L. & M. S. Ry. v. Ohio, 125 U. S., 173; 23

U. S. Stat. at Large, 1885-5, p. 31, Ch. 60; Rules and Regulations Secretary of Agriculture, Ex. A. (Par. C); and as to the assumption that the cattle were infected with a germ, Davis v. Walker, 60 Ill., 452.

The degree of care is higher than is ever imposed upon a bailee like the defendant: D. L. & W. R. R. Co. v. Central Stock Yard & Transit Co., 45 N. J. Eq., 50; Schuler on Bailments (3d Ed.), Sec. 353; O. R. S., 3876.

A statutory declaration that a thing shall not be done does not create a liability in favor of individuals: Clark & Lindsell on Torts (2d Ed.), 26.

Edmund's agency was such that constructive notice or knowledge can not be ascribed through him: Meachem on Agency, Secs. 725 and 718; Ponnoyer v. Willis, 36 Pac., 568; Trentor v. Pothen, 49 N. W., 129; Labbe v. Crobett, 6 N. W., 812; Lieberman v. First National Bank, 48 L. R. A., 514.

JELKE, J.; SWING, J., concurs; GIFFEN, P. J., did not participate.

A part of the court incline to the opinion that the physical facts of a violation of the provisions of the Ohio Statutes and resultant injury to plaintiff being shown, makes out a *prima facie* case and puts the burden upon the defendant company to show itself without fault.

For the purpose of the consideration of this case, however, we will adopt the rule as to liability most favorable to defendant in error, viz.: If the defendant company knowingly permitted these one hundred and fifty-four head of southern cattle to remain in native pens for any other purpose than to be fed and watered or for immediate slaughter, and to be dealt with as native cattle, and injury resulted to plaintiff, Neal, without fault on his part, then the defendant company is liable.

So far as any knowledge could come from a mere inspection of the cattle, we put plaintiff and defendant on the same plane, and hold both alike free from negligence.

It appears that these cattle were in the native pens from about six-thirty o'clock p. m., of April 12, until about one o'clock p. m., of April 14; that Edmunds received and checked off the bills of

lading by eight o'clock on the morning of the 13th, and that these bills showed these cattle to be from the southern or schedule district. These facts are without dispute, and it is from these facts that the court below in our opinion made an erroneous deduction.

Because the foreman of the unloading crew did not know, in the absence of the *indicia* required by statute, and not in the course of his duties having anything to do with the bills of lading, and Edmunds in the course of his duties not knowing where the cattle were, the court below held that the defendant company could not be held in law to know that these southern cattle were in native pens. While the corporation only is chargeable with that knowledge which comes to each of its servants within the scope of the duties of each of its servants respectively, the corporation as the common head, brain center so to speak, must be held to have the composite knowledge which comes to it through the channels of its several servants. It is not necessary that any one servant should know all the facts. If it were, all a corporation would have to do would be to limit the scope of the duties of each servant, and the corporation could never be held to know all about anything.

Because the hand can not distinguish color, or the eye apprehend hardness, are we to say that a man can not be charged with the composite knowledge that iron is grey and hard? Or could a corporation by limiting the number and authority of its agents so deprive itself of avenues of approach or information that it could not know certain palpable facts at all?

No. Between eight a. m. of the 13th and one p. m. of the 14th of April, the defendant company must be held to have known both what Edmunds knew in the usual course of his duties and what the foreman of the unloading crew knew in the usual course of his duties, and putting this knowledge together the company must be held to have had culpable knowledge of the wrongful fact.

We are, therefore, of opinion that the judgment of the Common Pleas Court should be reversed.

We are further of opinion that in the trial of a cause like this the distinction between issues of fact and law is better preserved by a trial with jury.

*W. D. James* and *A. R. Johnson*, for the plaintiff in error.
*John W. Warrington*, contra.